IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARTHA ANN WISE                                                                                  PLAINTIFF

v.                                      4:21-cv-00350-BRW-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                 DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Martha Wise, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Ms. Wise is forty-seven years old.  (Tr. 40.)  Plaintiff testified she attended "about four years in college" (*id.*) and has past relevant work as a receptionist and billing clerk.  (Tr. 20.)

The ALJ[1] found Ms. Wise had not engaged in substantial gainful activity since November 19, 2018 - the alleged onset date.  (Tr. 13.)  She has "severe" impairments in the form of "bipolar disorder, post-traumatic stress disorder, and substance abuse disorder in remission."  (*Id.*)  The ALJ further found Ms. Wise did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14-16.)

The ALJ determined Ms. Wise had the residual functional capacity (RFC) to perform a

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

full range of work at all exertional levels. However, her nonexertional impairments limited her to work "limited to simple, routine, repetitive tasks, with supervision that is simple, direct, and concrete. . . ." (Tr. 16.) She is further limited to work with a Specific Vocational Preparation level of 1 or 2 that can be learned within 30 days. (*Id.*) And "[s]he requires jobs that do not require interaction with the general public." (*Id.*)

Based on the RFC assessment, the ALJ determined Ms. Wise could no longer perform her past relevant work. (Tr. 20.) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 55-58), the ALJ determined she could perform the jobs of housekeeper and assembler. (Tr. 21.) Accordingly, the ALJ determined Ms. Wise was not disabled. (Tr. 21-22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues that the ALJ erred in determining her Raynaud's phenomenon was not a "severe" impairment. (Doc. No. 9 at 8-10.) At Step 2, the ALJ concluded:

> The claimant has Raynaud's disease, an impairment that makes her fingers very sensitive to cold (Ex. B10F/7, 15). She was diagnosed with this impairment in 2009—years before the alleged onset date—and there is nothing suggesting that it has worsened since she allegedly became disabled. She wears gloves to keep her hands warm (Ex. B10F/7; B17F/2). Physical examinations have been negative for discoloration, synovitis, or loss of dexterity in her hands (Ex. B10F/8-9; B17F/5-6). Although the undersigned finds this impairment to be nonsevere, the residual functional capacity assessment includes manipulative limitations to accommodate it.

(Tr. 13.)

Plaintiff has the burden of proving that an impairment is "severe." *See Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995). A "severe" impairment is one that significantly limits a claimant's

3

physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work."  *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s)*.  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities*.  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The determination at step two is based <u>solely</u> on the medical evidence.  *Riley v. Shalala*, 849 F.Supp. 679, 681 (E.D. Ark.  1993), aff'd, 18 F.3d 619 (8th Cir.  1994).  Plaintiff's medical records simply do not support an allegation that her Raynaud's phenomenon causes significant limitation in the ability to perform work-related activities.  To the contrary, as the Commissioner points out in her brief, Plaintiff was diagnosed with Raynaud's disease in 2009 and continued to work for nearly a decade.  And the recent medical evidence simply fails to show her Raynaud's phenomena significantly limited her ability to perform basic work activities.  (Tr. 833-844.)  In fact, medical records from April 10, 2019 reveal her condition was, "Controlled."  (Tr. 835.)

Accordingly, I find the ALJ adequately considered the impact of Reynaud's syndrome on Plaintiff's ability to perform work activities.

Ms. Wise raises multiple issues in her Brief, but the most important issue is whether or not the ALJ's RFC Assessment is supported by substantial evidence. After careful review, I find that it is.

Plaintiff's impairments are nonexertional. The ALJ stated:

> State agency psychological consultants Marilyn Jordan, Ph.D., and Nicholas Rios, Psy.D., reviewed the record in March and July of 2019, respectively. They concluded that the claimant's mental impairments were moderately limiting. They expressed the opinion that that the claimant could perform work where interpersonal contact is incidental to the work performed; the tasks are simple, routine, and repetitive, such as assembly work; the complexity of tasks is learned and performed by rote, with few variables and little judgment; and the supervision required is simple, direct, and concrete (Ex. B1A/8-11; B7A/10). The State consultants explained that in medical office visits, the claimant exhibited a normal mood, affect, memory, and judgment, and that she demonstrated the ability to independently give and receive information and manage her healthcare relationships to obtain beneficial outcomes. They explained that she was able to interact appropriately. They further explained that the claimant was able to cook, clean, shop, socialize, manage her money, and care for her daughter (Ex. B1A/8; B7A/9-13). These opinions are persuasive. The medical evidence establishes that the claimant's thought processes occasionally are tangential or circumstantial, but she is an intelligent woman who thinks logically and is able to reason abstractly. She is cooperative in office visits. Her speech is sometimes rapid, but she communicates effectively. Her drug use is in remission, and her insight and judgment are intact (Ex. B2F/12; B5F/18; B14F/4, 12; B16F/13; B17F/6). According to her Function Report and her statements to Dr. Griffen, she is able to accomplish her daily living activities (Ex. B8F/5; B10E). The State consultants' opinions are consistent with that evidence, and are supported by the consultants' explanations.

(Tr. 19-20.)

While I am mindful that Drs. Jordan and Rios did not examine Plaintiff and rendered their opinions using only the medical evidence, their opinions – if supported – constitute substantial evidence. I find their opinions are consistent with the overall evidence or record and the ALJ's

reliance on their opinions was appropriate.

I have also considered Plaintiff's argument regarding an alleged conflict between her RFC and the jobs identified by the vocational expert. Specifically, Plaintiff argues that the job of housekeeper requires interaction with the public and, given advances in technology, the assembler job likely exceeds her cognitive abilities.

The ALJ fully explored Plaintiff's limited ability to interact with others when asking questions of the vocational expert. (Tr. 56-57.) Additionally, I have carefully reviewed the *Dictionary of Occupational Titles* and *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)* and find no conflict. Looking at Appendix E of the SCO, the job of housekeeper requires the lowest level of "worker functions." And even if Plaintiff prevailed on her argument regarding interaction with the public, it would ultimately fail because the ALJ found that alternatively Plaintiff could perform the job of assembler. And her claims about technological advances are speculative and unsupported by any authority.

Plaintiff clearly suffers from some degree of limitation with the combination of her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has advanced a number of other arguments – including the ALJ failed to consider

the combined effect of Plaintiff's impairments, failed to give substantial weight to her treating sources, failed to provide a "function-by-function" assessment, and the disability determination process is unconstitutional - which I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points. (Doc. No. 10.)

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of November 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE